■ In the Matter of MICHAEL STAPLETON, Respondent, v MICHAEL LAPAGLIA, as Ulster County Sheriff, et al., Appellants. [616 NYS2d 679] —Appeals (1) from a judgment of the Supreme Court (Cobb, J.), entered July 8, 1993 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Ulster County Sheriff demoting petitioner to the rank of correction officer, and (2) from a judgment of said court, entered December 28, 1993 in Albany County, which, upon reargument, adhered to its prior decision.

Petitioner, a correction corporal, was found guilty in a disciplinary proceeding of sleeping while on duty on two occasions. In contravention of the Hearing Officer's recommen-

dation that a three-week suspension penalty be imposed, respondent Ulster County Sheriff demoted petitioner to the rank of correction officer. Petitioner commenced this proceeding contending that the punishment was excessive. Supreme Court agreed with petitioner's claim and noted the Hearing Officer's findings that petitioner's supervisor had condoned such conduct. The court remanded the matter for redetermination of the penalty. It is well settled that an administrative penalty is properly annulled when it is so disproportionate to the offense as to shock one's sense of fairness. Here, given the circumstances surrounding petitioner's actions, we agree with Supreme Court that his demotion was an excessive punishment and that a lesser penalty should be imposed. We also find no error in the court's determination that the Sheriff should be disqualified from determining the appropriate penalty because of his involvement in bringing the charges against petitioner.

Mercure, J. P., Crew III, White, Casey and Peters, JJ., concur. Ordered that the judgments are affirmed, with costs.